1  CDF LABOR LAW LLP
    Dan M. Forman, State Bar No. 155811
2      dforman@cdflaborlaw.com
    M. Leah Cameron, State Bar No. 274637
3      lcameron@cdflaborlaw.com
707 Wilshire Boulevard, Suite 5150
4  Los Angeles, CA 90017
Telephone: (213) 612-6300
5
NEAL GERBER & EISENBERG LLP
6      Chad W. Moeller
    Cmoeller@nge.com
7      Corinne N. Biller
    cbiller@nge.com
8  2 North LaSalle Street, Suite 1700
Chicago, IL 60602
9  Telephone: (312) 269-8000
*Pro Hac Vice Applications to be filed*
10
Attorneys for Defendant
11  TYSON FOODS, INC.

12  **UNITED STATES DISTRICT COURT**

13  **EASTERN DISTRICT OF CALIFORNIA**

14

15  FOSTER POULTRY FARMS, LLC, a ) Temp. Case No. 1:22-at-00559
California limited liability company, and )
16  BRIAN BAKER, an individual, ) Merced County Superior Court
) Case No.: 22CV-01809
17              Plaintiff, )
    vs. ) **DEFENDANT TYSON FOODS, INC.'S**
18  ) **NOTICE OF REMOVAL**
TYSON FOODS, INC., a Delaware )
19  Corporation, and DOES 1-20, inclusive, ) Filed concurrently with:
) - Civil Cover Sheet;
20             Defendant. ) - Decl. of Shane Parks; and
) - Certificate of Interested Parties
21  )
) Action Filed:   June 17, 2022
22

23

24

25

26

27

28

DEFENDANT TYSON FOODS, INC.'S
NOTICE OF REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT OF THE EASTERN DISTRICT OF CALIFORNIA**:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq.* and through its undersigned counsel, Defendant TYSON FOODS, INC. ("Tyson") hereby provides notice of removal of this action from the Superior Court of California, County of Merced.

This Court has original jurisdiction under 28 U.S.C. § 1332(a) in that the alleged amount in controversy exceeds $75,000, and complete diversity exists between Plaintiffs FOSTER POULTRY FARMS, LLC ("Foster Farms") and BRIAN BAKER ("Baker") (Foster Farms and Baker collectively, "Plaintiffs"), and Defendant, Tyson. Because the amount in controversy exceeds $75,000, and complete diversity exists between Plaintiffs and Defendant, this case should be properly removed to this Court. In further support of this removal, Tyson states as follows:

## I. BACKGROUND

1. On June 17, 2022, Plaintiffs commenced an action in the Superior Court of California, County of Merced, styled *Foster Farms, LLC & Brian Baker v. Tyson Foods, Inc*, Case No. 22CV-01809 (the "California Action"). True and correct copies of all pleadings, process, and orders, and any other documents on file with the State Court in this California Action are attached to this Notice as Exhibit A.

2. Plaintiffs' Complaint seeks (1) declaratory relief under the California common law concerning the Non-Compete Agreement at issue; (2) declaratory relief under California Business & Professions Code Sections 16600 and 17200; and (3) declaratory and injunctive relief under California Business & Professions Code Section 17200. In essence, Plaintiffs' Complaint seeks to invalidate the Non-Compete Agreement between Tyson and Baker. *See* Ex. A, "Plaintiffs' Complaint," generally.

3. On June 25, 2022, Plaintiffs served Tyson with the Summons and Complaint in the California Action.

## II. JURISDICTION

4. This Court has original jurisdiction over this California Action under 28 U.S.C. §§ 1332(a), 1441 and 1446, as this dispute is between citizens of different states and the amount in

controversy is greater than $75,000, as set forth more fully below.

### III. SATISFACTION OF THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446

5.     In accordance with 28 U.S.C. § 1446(a), this Notice is filed in the District Court of the United States in which the action is pending.  The Superior Court of California, County of Merced is located within the Eastern District of California.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 84(b) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6.     No more than 30 days have passed since Tyson accepted service of the Complaint in this action.  Therefore, the instant Notice of Removal is timely in accordance with 28 U.S.C. § 1446(b). *See Novak v. Bank of New York Mellon Tr. Co., NA.,* 783 F.3d 910 (1st Cir. 2015); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (service of process is the official trigger for responsive action by the defendant).

7.     In accordance with 28 U.S.C. § 1446(d), a copy of this Notice is being served upon counsel for Plaintiffs and a copy is being filed with the Clerk of the Superior Court of California in the County of Merced and with the Clerk of the Eastern District of California.  True and correct copies of the Notice to Plaintiffs and the state court shall be filed promptly.

### IV. IV. NOTICE OF RELATED CASES

8.     On June 8, 2022, Tyson commenced an action in the Circuit Court of Washington County, Arkansas, styled *Tyson Foods, Inc. v. Brian Baker & Foster Farms, LLC*, Case No. 72CV-22-1312 (the "Arkansas Action"), which remains ongoing.  This California Action and the Arkansas Action involve the same parties and similar questions of fact and law.

### V. REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441

9.     The claims alleged in Plaintiffs' Complaint are removable under 28 U.S.C. § 1332(a) (diversity of citizenship).  Diversity jurisdiction exists where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. *Id.*

**A.**    **The Parties Are Completely Diverse**

10.     Traditional diversity jurisdiction requires that all plaintiffs be of different citizenship

than all defendants. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

11. For diversity purposes, an individual is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). An individual's domicile is the place he resides with the intention to remain or to which he intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). In Plaintiffs' Complaint, Plaintiffs repeatedly assert that Baker is a California citizen and a California employee. *See* Plaintiffs' Complaint at ¶¶ 1, 20, 31, 56, 57. Accordingly, Baker is a citizen of the State of California for purposes of this removal.

12. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of every State … by which it has been incorporated and of the State … where it has its principal place of business." As alleged in Plaintiffs' Complaint, Foster Farms is a California limited liability company whose principal place of business is located in California. *See* Plaintiffs' Complaint at ¶¶ 4, 10. Accordingly, Foster Farms is a citizen of the State of California for purposes of this removal.

13. Defendant Tyson Foods, Inc. is a Delaware corporation whose principal place of business is located in Springdale, Arkansas. *See* Declaration of Shane Parks ("Parks Decl.") at ¶ 2. Therefore, at all material times, Defendant has been a citizen of the State of Delaware and the State of Arkansas, and not of the State of California, as it is neither incorporated in California nor does it maintain its principal place of business in California.

14. Because Plaintiffs are citizens of the State of California, and Defendant is a citizen of the State of Delaware and the State of Arkansas, complete diversity exists pursuant to 28 U.S.C. § 1332(a).

**B.     The Amount-In-Controversy Requirement Is Satisfied.**

15. "[W]here a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence" *i.e.,* that it is more likely than not, that the amount in controversy exceeds the jurisdictional threshold of $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); 28 U.S.C. § 1332(a).

16. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and evidentiary submissions are required only if, after the notice of removal containing that plausible allegation is filed, plaintiff contests, or the court questions, defendant's allegation. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

17. A defendant may show the amount in controversy "by setting forth the facts in controversy…that support a finding of the requisite amount." *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including statutory penalties and attorneys' fees, including future fees, where recoverable by statute. *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 788 (9th Cir. 2018) ("if a plaintiff would be entitled under a contract or statute to future attorneys' fees, such fees are at stake in the litigation and should be included in the amount in controversy").

18. Furthermore, "[w]here declaratory relief claims form the basis of a case, courts determine the amount in controversy by examining the value of the object of the litigation." *Mechanix Wear, Inc. v. Performance Fabrics, Inc.*, No. 2:16-cv-09152-ODW (SS), 2017 U.S. Dist. LEXIS 13357, at *8-9 (C.D. Cal. Jan. 31, 2017).

19. Plaintiffs claim that the Non-Compete Agreement by and between Baker and Tyson is unenforceable as a matter of California law, and seek declaratory relief. *See* Plaintiffs' Complaint, generally. Plaintiffs also seek "preliminary and permanent injunctive relief to prevent enforcement" of the Non-Compete Agreement, as well as "restitution and disgorgement, according to proof at trial." *See* Plaintiffs' Complaint at ¶ 58.

20. Where, as in this California Action, the object of the litigation is a non-compete clause, "Ninth Circuit courts have applied the "either viewpoint" rule for the purposes of calculating the amount in controversy." *Meyer v. Howmedica Osteonics Corp.*, No. 14CV2496 AJB (NLS), 2015 U.S. Dist. LEXIS 20110, at *9 (S.D. Cal. Feb. 19, 2015) (internal citations omitted). Under this rule, "the amount in controversy requirement may be established either by

5   DEFENDANT TYSON FOODS, INC.'S
NOTICE OF REMOVAL

2019244.1

showing that the employee's yearly salary exceeds $75,000 at his new employer or by showing that the employee produced more than $75,000 in profit for his previous employer during the period immediately preceding termination." *Mechanix Wear, Inc.*, 2017 U.S. Dist. LEXIS 13357, at *9, *citing Luna v. Kemira Specialty, Inc.*, 575 F. Supp. 2d 1166, 1172-73 (C.D. Cal. 2008).

21. At the time of his voluntary resignation from Tyson, Baker served as Tyson's Vice President of Business Operations.  In this role, Baker was considered the "owner" of the profit and loss (P&L) function in the poultry division and made all business-related decisions in the group, including decisions bearing on production and pricing.  Parks Decl. at ¶ 4.

22. As Vice President of Business Operations, Baker was considered to be an executive-level employee of Tyson, and he was compensated in excess of $580,000 per year.  Parks Decl. at ¶ 4.  As reflected in his compensation, Baker's contributions to Tyson, directly and indirectly, resulted in more than $75,000 in annual profits to Tyson.   Parks Decl. at ¶ 5.

23. As such, the jurisdictional minimum amount of controversy is plainly met in this matter, based on Baker's prior services for Tyson alone.  *See e.g. Luna v. Kemira Specialty, Inc.*, 575 F. Supp. 2d 1166, 1172-73 (C.D. Cal. 2008) ("Where a plaintiff seeks an injunction preventing the enforcement of a non-competition clause, courts usually will look to the profits earned by the employer on business generated by the employee during the period immediately preceding his termination to determine the amount in controversy…Courts have also examined the revenues generated by an employee and the revenues lost by the employer in determining whether the jurisdictional minimum has been met.")  (internal citations and quotations omitted).

24. Based upon Baker's previous salary with Tyson, it is more likely than not that Baker is already earning or will earn an annual salary well in excess of $75,000 in his new role with Foster Farms. *See e.g., Hartstein v. Rembrandt IP Sols., LLC*, No. 12-2270 SC, 2012 U.S. Dist. LEXIS 105984, at *9 (N.D. Cal. July 30, 2012) ("With respect to the salary-based approach, Defendant paid Plaintiff an annual salary well in excess of $75,000. Based on this evidence, it is more likely than not that Plaintiff's new salary with IPNav or one of Defendant's other competitors would be comparable.").

25. Thus, the amount in controversy requirement is clearly established by Baker's prior

value to Tyson, and/or by Baker's current salary with Foster Farms, each of which easily exceeds the $75,000 on its own. *See e.g., Meyer v. Howmedica Osteonics Corp.*, No. 14CV2496 AJB (NLS), 2015 U.S. Dist. LEXIS 20110, at *9 (S.D. Cal. Feb. 19, 2015); *Davis v. Advanced Care Techs., Inc.*, No. CIV S 06-02449 DFL DAD, 2007 U.S. Dist. LEXIS 32348, at *6-7 (E.D. Cal. May 1, 2007). Accordingly, the jurisdictional amount required for diversity jurisdiction is satisfied in this case.

## VI.  CONCLUSION

26. Based on the foregoing, this Court has jurisdiction on grounds of diversity of citizenship pursuant to U.S.C. §§ 1332(a) and 1441(a). Plaintiffs and Tyson are not citizens of the same state. In addition, the object of the litigation in Plaintiffs' Complaint — the Non-Compete Agreement — places more than $75,000 in controversy. Thus, removal to federal court is proper.

27. In the event this Court has a question regarding the propriety of this Notice of Removal, Tyson requests that the Court issue an Order to Show Cause so that Tyson may have the opportunity to more fully brief the basis for this removal, and/or order Plaintiffs to file a statement of damages.

28. By filing this Notice of Removal, Tyson does not waive, either expressly or impliedly, its respective rights to assert any defense it could have asserted in the Superior Court of California, County of Merced, in the United States District Court for the Eastern District of California. Tyson reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant hereby removes this California Action from the Superior Court of California, County of Merced, to this Court.

Dated: July 25, 2022         CDF LABOR LAW LLP
                             M. Leah Cameron

                             By: _____/s/ *Dan M. Forman*_____
                                        Dan M. Forman
                             Attorneys for Defendant
                             TYSON FOODS, INC.