EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<div style="border:1px solid">

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Merced Superior Court
6/17/2022 3:31 PM
Amanda Toste
Clerk of the Superior Court
By: Brandon Chow, Deputy

</div>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TYSON FOODS, INC., a Delaware Corporation, and DOES 1-10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
FOSTER POULTRY FARMS, LLC, a California limited liability company, and BRIAN BAKER, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* MERCED SUPERIOR COURT 2260 "N" Street, Merced, CA 95340 | CASE NUMBER: *(Número del Caso):* **22CV-01809** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael S. Helsley, Esq. WANGER JONES HELSLEY PC, 265 E. River Park Circle, Suite 310, Fresno, CA 93720, ph: (559) 233-4800

DATE: 6/17/2022 3:31 PM          Amanda Toste          Clerk, by _____, Deputy
*(Fecha)*                                      *(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify)*: Tyson Foods Inc. a Delaware Corporation
   under: [X] CCP 416.10 (corporation)         [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify)*:
4. [X] by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

This e-copy is the official court record (GC68150)

This e-copy is the official court record (GC68150)

1  WANGER JONES HELSLEY PC
   265 E. River Park Circle, Suite 310
2  Fresno, California 93720
   Telephone: (559) 233-4800
3  Facsimile: (559) 233-9330

4  Michael S. Helsley #199103
   Christopher A. Lisieski #321862
5

6  BAILEY BRAUER PLLC
   Campbell Centre I
7  8350 N. Central Expressway, Suite 650
   Dallas, Texas 75206
8  Telephone: (214) 360-7424
   Facsimile: (214) 360-7435
9

10 Clayton Bailey, Texas Bar No. #00796151 (Pro Hac Vice application forthcoming)
   Benjamin L. Stewart, Texas Bar No. #24046917 (Pro Hac Vice application forthcoming)

11 Attorneys for:    FOSTER POULTRY FARMS, LLC and BRIAN BAKER

ELECTRONICALLY FILED
Merced Superior Court
6/17/2022 3:31 PM
Amanda Toste
Clerk of the Superior Court
By: Brandon Chow, Deputy

12              SUPERIOR COURT OF CALIFORNIA

13                 COUNTY OF MERCED

14 FOSTER POULTRY FARMS, LLC, a           Case No.    22CV-01809
15 California limited liability company, and BRIAN
   BAKER, an individual,                  COMPLAINT FOR:
16
17              Plaintiffs,               (1) DECLARATORY RELIEF
                                              REGARDING CHOICE OF LAW;
18         v.
                                          (2) DECLARATORY AND INJUNCTIVE
19 TYSON FOODS, INC., a Delaware Corporation,   RELIEF UNDER BUSINESS &
   and DOES 1-10, inclusive.                    PROFESSIONS CODE §§ 16600 AND
20                                              17200; AND
21              Defendants.
                                          (3) DECLARATORY AND INJUNCTIVE
22                                            RELIEF PURSUANT TO BUS. & PROF.
                                              CODE § 17200
23
24
25
26
27
28

{7440/071/01427275.DOCX}                    1

COMPLAINT FOR DECLARATORY RELIEF

1         Plaintiffs FOSTER POULTRY FARMS, LLC ("FPF"), a California limited liability company,

2 and BRIAN BAKER ("Mr. Baker," collectively with FPF referred to as "Plaintiffs") bring this

3 Complaint against TYSON FOODS, INC. ("Defendant"), and allege as follows:

<center><b>INTRODUCTION</b></center>

5        1.       Plaintiffs bring this case seeking declaratory relief, damages, restitution, and injunctive

6 relief against Defendant. Defendant is the former employer of Mr. Baker, and the entity which is

7 attempting to enforce an invalid and unlawful non-competition agreement against him. This agreement

8 is in derogation of California's firmly-established public policy interest in ensuring market competition,

9 and anti-competitive actions such as these are anathema to California's fundamental interests. Plaintiffs

10 seek to vindicate their inalienable rights as California citizens and employees to engage in their chosen

11 profession free of unlawful restraint.

<center><b>JURISDICTION AND VENUE</b></center>

13        2.       This court has jurisdiction over Defendant pursuant to Code of Civil Procedure § 410.10,

14 as Defendant is registered with the Secretary of State to do business in California, has sufficient contacts

15 with the State of California, and purposefully avails itself of the laws of California such that bringing

16 suit against Defendant here does not offend traditional notions of fair play and substantial justice.

17        3.       Venue is proper in this county pursuant to Code of Civil Procedure § 395.5, as the

18 operative contract which is challenged in this declaratory relief action was to be performed in this

19 County.

<center><b>PARTIES</b></center>

21        4.       At all times relevant herein, Plaintiff FPF is and was a California limited liability

22 company.

23        5.       Plaintiff Baker is an individual who was an Arkansas resident and will have an office in

24 the State of California.

25        6.       On information and belief, Plaintiffs allege Defendant Tyson Foods, Inc. is an entity

26 incorporated in Delaware and currently registered to conduct business in the State of California with the

27 California Secretary of State.

28

{7440/071/01427275.DOCX}

<center>2</center>

This e-copy is the official court record (GC68150)

This e-copy is the official court record (GC68150)

7. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants and DOES 1–10, inclusive, are unknown to Plaintiffs who, therefore, sue said Defendants under such fictitious names. Each of the Defendants designated as DOE herein are, in some manner, responsible for the acts and occurrences giving rise to this lawsuit and cause the damages alleged, to the extent any were sustained, by Plaintiffs. At such time as their true identities are ascertained, Plaintiffs will amend this Complaint with the true names of Defendants designated herein as DOES.

## FACTUAL ALLEGATIONS

8. The organization commonly referred to as "Foster Farms" is one of the top producers of poultry products, including chickens and turkeys, in the United States. It employs thousands of workers, the majority of whom are located in California. The company and its facilities have received numerous awards from various industry and trade groups for their outstanding commitments to product quality, safety, and innovation.

9. Like many organizations, the organization commonly referred to as "Foster Farms" has separate legal entities. One of those legal entities is FPF, which provides, among other things, the sales, marketing, financial, and legal functions of the Foster Farms' entities and ensures the segregation of the entities for proper tax treatment under applicable laws.

10. FPF's offices and assets are located primarily in California. FPF does not have any offices, assets, property, bank accounts, operations, officers, or employees located in Arkansas. Also, FPF is not the legal entity involved in what is often referred to as the "grow-out" or raising of poultry for harvesting and sale to consumers. Consequently, FPF is not the entity involved with breeder stock, egg production, hatching of eggs, feed formulation and procurement, or the raising, removal, and transportation of mature chickens to plants for harvesting and packaging. FPF is also not the entity involved with third party poultry grower compensation and contract terms.

11. Mr. Baker was formerly an employee of Defendant Tyson in Arkansas.

12. Mr. Baker began employment with Tyson in March 2004, and most recently served as Vice President of Poultry Optimization.

13. Mr. Baker's final role with Tyson involved, to a limited extent, market pricing for chicken products sold by Tyson.

This e-copy is the official court record (GC68150)

14.     While at Tyson, Mr. Baker was compelled to sign a non-competition agreement (the "Non-Compete Agreement") as a condition of his employment for Defendant. A true and correct copy of the Non-Compete Agreement is attached as **Exhibit A** hereto.

15.     The Non-Compete Agreement states, in pertinent part:

> You agree that at any time during the course of your employment with Tyson, and for a period of twelve (12) months following the termination of your employment with Tyson for any reason, you will not directly or indirectly, on behalf of yourself or in conjunction with any other person, company or entity, own (other than less than five percent (5%) ownership in a publicly traded company), manage, operate, or participate in the ownership, management, operation, or control of, or be employed by or a consultant to any person, company or entity which is in competition with Tyson, with which you would hold a position with responsibilities similar to any position you held with Tyson at any time during the twenty-four (24) months preceding the date upon which your employment with Tyson terminates (your "Termination Date") or in which you would utilize or disclose confidential methodologies, techniques, customer lists or information of Tyson.

16.     The Non-Compete Agreement purports to be enforceable "without limitation as to location or geography within the United States." (*See* Ex. A at § 1.)

17.     On or about June 6, 2022, Mr. Baker was offered a job by FPF to work in California as its Vice President – Treasurer ("Treasurer"). As the Treasurer, Mr. Baker will be reporting to FPF's Chief Financial Officer. No one from the chicken live production and harvesting operations within Foster Farms, LLC will be reporting to Mr. Baker in his role as Treasurer.

18.     To be clear, Mr. Baker was never offered a job by Foster Farms, LLC, and Mr. Baker never accepted a job to work as an employee or officer of Foster Farms, LLC.

19.     On or about June 6, 2022, Mr. Baker accepted the job offer from FPF to become the Treasurer.

20.     Mr. Baker will have an office at FPF in Livingston, California. Mr. Baker will be a California employee for a California Company.

21.     In this role as Treasurer, Mr. Baker will oversee and manage cash positions, provide analysis of cash flow metrics, and make liquidity recommendations to adjust to changing market conditions. Mr. Baker will also work with existing corporate credit facilities and other obligations, to ensure that all necessary financial reporting and compliance processes are adequately met. Other

This e-copy is the official court record (GC68150)

1    responsibilities of Mr. Baker in this position will include providing strategic guidance about capital

2    financing, maintaining relationships with commercial and investment banking partners, managing

3    liquidity, fees and costs, and other job duties typical of a corporate treasurer.

4        22.    As Treasurer, Mr. Baker will not be making division-level pricing and cost decisions

5    about how to optimize the profitability of any particular division, let alone the sale of chicken. Rather,

6    he will be working on global corporate financing issues, which relate to the financial health and liquidity

7    of Foster Farms as a whole, including operations not involving chickens like turkey and manufacturing

8    of feed for dairy cows.

9        23.    Mr. Baker's work as Treasurer will not relate to the pricing of particular products, but

10   rather the overall financial condition of "Foster Farms," and will focus on such things as corporate cash

11   flow, credit facilities, and other types of financing and investment.  Mr. Baker will not be performing

12   similar job functions at FPF to those he performed during his employment with Tyson.

13       24.    After Mr. Baker accepted his job as Treasurer, Mr. Baker notified Defendant Tyson and

14   provided Defendant Tyson with a written copy of his job offer, which showed that his new job

15   responsibilities as Treasurer were fundamentally different and distinct from any of his job

16   responsibilities at Defendant Tyson.

17       25.    Despite having full knowledge that Mr. Baker's new job responsibilities as Treasurer

18   were entirely different from his job responsibilities at Defendant Tyson and thus would not violate the

19   Non-Compete Agreement even if it were enforceable (which it is not), Defendant Tyson chose to initiate

20   litigation to restrict the free-flow of labor in the California employment market and engage in unfair

21   competitive practices.

22       26.    Specifically, on June 8, 2022, Defendant Tyson filed a lawsuit in its home-state county

23   court against Mr. Baker and Foster Farms, LLC (not the entity that offered Mr. Baker a job). The lawsuit

24   is styled, *Tyson Foods, Inc. v. Brian Baker, an individual, and Foster Farms, LLC, a California limited*

25   *liability company*, Case No. 72CV-22-1312-02, and is pending in Washington County Circuit Court in

26   Arkansas.

27

28

{7440/071/01427275.DOCX}            5

This e-copy is the official court record (GC68150)

27. In addition to filing a lawsuit, Defendant Tyson also immediately filed and obtained an *ex parte* temporary restraining order ("TRO") without serving notice on Mr. Baker or Foster Farms, LLC.

28. The terms of the extraordinarily broad TRO purport to restrain Mr. Baker from working for Foster Farms in California. The TRO states, in part, that Mr. Baker "is prohibited and enjoined from *directly or indirectly* working for Defendant Foster Farms, LLC ('Foster Farms') in his current role, or a similar role, which entails responsibilities similar to those Baker performed in his former role with Tyson[.]" (Emphasis added).

29. The TRO was issued by the Arkansas Court with no security posted by Defendant Tyson.

30. In the Arkansas Complaint, Defendant Tyson did not name FPF as a defendant.

31. Given the broad and inaccurate allegations in the Arkansas Complaint, Defendant Tyson seeks injunctive relief preventing Mr. Baker from commencing his new job in California.

32. California has a strong public policy and history against the enforcement of non-competition agreements and in favor of open competition and employee mobility since 1872, when the legislature first enacted the Civil Code.

33. Originally known as Civil Code § 1673, current Business & Professions Code § 16600 states that, "[e]xcept as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

34. The sole exceptions to Bus. & Prof. Code § 16600 are where a person sells the goodwill of a business together will all or substantially all of its assets, in which case that seller may agree with that buyer to "refrain from carrying on a similar business within a specified geographic area in which the business so sold . . . has been carried on." (Bus. & Prof. Code § 16601.) Similar exceptions exist in relation to the dissolution of or dissociation of a partner from a partnership (Bus. & Prof. Code § 16602) or a member from a limited liability company. (Bus. & Prof. Code § 16602.5.)

35. Absent a specific statutory exception, Bus. & Prof. Code § 16600 is widely and uniformly upheld amongst courts in California. California courts routinely find non-competition agreements unenforceable in California. This specifically includes out-of-state non-competition agreements that are sought to be enforced or performed in California, because they restrain California employees from freely

This e-copy is the official court record (GC68150)

1  pursuing their jobs and professions and California businesses from freely hiring and competing for

2  suitable employees.

3      36.    None of the Bus. & Prof. Code § 16600 statutory exceptions are present in this matter.

4  Mr. Baker did not sell the goodwill of any business to Defendant Tyson.  Defendant Tyson is neither a

5  partnership nor a limited liability company, and Mr. Baker was neither a partner nor a member thereof

6  who is dissociating from that entity.

7      37.    Defendant Tyson's attempt to prevent Mr. Baker from freely seeking employment with

8  FPF in California is unlawful and against California's firmly established and universally recognized

9  public policy in favor of open competition and mobility of employment.

10  **FIRST CAUSE OF ACTION – DECLARATORY RELIEF REGARDING CHOICE OF LAW**

11      38.    Plaintiffs reassert and re-allege Paragraphs 1 through 37 above, as though fully set forth

12  herein.

13      39.    Plaintiffs are persons interested under a contract, who have an actual controversy

14  regarding the legal rights and duties of the respective parties to that contract.

15      40.    In particular, Plaintiffs assert that the Non-Compete Agreement is in derogation of the

16  substantial public policy of California to promote open competition and mobility of employees, and

17  therefore it is unenforceable in California.

18      41.    Plaintiffs are informed and believe and thereon allege that Defendant seeks to enforce

19  the choice of law provision under ¶ 6 of the Non-Compete Agreement, which states that Arkansas law

20  shall govern issues related to the Non-Compete Agreement.

21      42.    Plaintiffs allege that application of this choice-of-law provision would be contrary to a

22  fundamental policy of the State of California, namely, the promotion of open competition and mobility

23  of employees.

24      43.    Plaintiffs are informed and believe and thereon allege that Defendant maintains that

25  Arkansas law should govern the Non-Compete Agreement's enforceability in California.  Thus, an

26  actual controversy regarding the legal rights and duties under the Non-Compete Agreement exists.

27      44.    Plaintiffs seek a declaration that California law, and specifically Sections 16600 and

28  17200, *et seq.*, apply to the Non-Compete Agreement and that the choice of law provision contained in

This e-copy is the official court record (GC68150)

the Non-Compete Agreement is void and unenforceable in California because it is contrary to a fundamental policy of this State.

## SECOND CAUSE OF ACTION – DECLARATORY RELIEF UNDER BUSINESS & PROFESSIONS CODE §§ 16600 & 17200

45.     Plaintiffs reassert and re-allege Paragraphs 1 through 44 above, as though fully set forth herein.

46.     Plaintiffs are persons interested under a contract, who have an actual controversy regarding the legal rights and duties of the respective parties to that contract.

47.     In particular, Plaintiffs assert that the Non-Compete Agreement is in derogation of the substantial public policy of California to promote open competition and mobility of employees, and therefore it is unenforceable in California.

48.     Plaintiffs are informed and believe and thereon allege that Defendant is seeking an injunction under the Non-Compete Agreement in Arkansas and will and does intend to enforce such an injunction based on the Non-Compete Agreement against Plaintiffs in California even though FPF was not named as a defendant in the Arkansas lawsuit.

49.     Plaintiffs assert that any such injunction or order Defendant might obtain will be void and unenforceable in California as it will violate the fundamental public policies of California.

50.     As such, the parties have an actual controversy regarding the legal rights and duties of the parties to the Non-Compete Agreement, including whether the Non-Compete Agreement or any injunction or judgment issued thereon by a court in Arkansas is enforceable in California.

51.     Accordingly, Plaintiffs seek a declaration of their rights and duties under the Agreement pursuant to Code of Civil Procedure § 1060.

52.     Plaintiffs also seek injunctive relief and restitution pursuant to Business & Professions Code § 17203 preventing Defendant from taking any action to enforce this unlawful Non-Compete Agreement in California and requiring Defendant to restore any money or property gained as a result of the unlawful Non-Compete Agreement.

// // //

// // //

// // //

This e-copy is the official court record (GC68150)

### THIRD CAUSE OF ACTION – DECLARATORY RELIEF UNDER BUSINESS &

### PROFESSIONS CODE § 17200

53.     Plaintiffs reassert and re-allege Paragraphs 1 through 52 above, as though fully set forth herein.

54.     Business and Professions Code 17200, *et seq.*, prohibits acts of unfair, unlawful and fraudulent competition which shall mean and include any unlawful, unfair or fraudulent business act or practice.

55.     Non-compete agreements are void and unlawful in the State of California, unless they fit within one of the statutory exceptions to § 16600.

56.     Defendant has engaged and continues to engage in unlawful and unfair business acts or practices in California by compelling employees to sign contracts such as the Non-Compete Agreement, which does not come within any of the statutory exceptions to § 16600, and then seeking to enforce them against California residents and companies.  The Non-Compete Agreement is unenforceable in California, as against Plaintiffs in California.

57.     Accordingly, Plaintiffs seek a declaration that Defendant has violated and is violating Business & Professions Code § 17200 by compelling employees to sign contracts such as the Non-Compete Agreement, and then seeking to enforce them in California and against California residents.

58.     Plaintiffs also seek injunctive relief and restitution pursuant to Business & Professions Code § 17203 preventing Defendant from taking any action to enforce this unlawful Non-Compete Agreement in California and requiring Defendant to restore any money or property gained as a result of the unlawful Non-Compete Agreement.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment and an order against Defendant Tyson as follows:

A.     For declaratory relief setting forth the rights and duties of the respective parties;

B.     For restitution and disgorgement, according to proof at trial;

C.     For preliminary and permanent injunctive relief to prevent enforcement of an unlawful non-compete agreement in California;

D.     For attorneys' fees and costs; and

/ / / /

[7440/071/01427275:DOCX]

9

This e-copy is the official court record (GC68150)

E.     All further legal and equitable relief that this Court deems just and proper.

DATED: JUNE 17, 2022                    WANGER JONES HELSLEY PC

                                        By: _____
                                            Michael S. Helsley and Christopher A. Lisieski,
                                            Attorneys for Plaintiffs

{7440/071/01427275.DOCX}                     10

This e-copy is the official court record (GC68150)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT "A"

TO

COMPLAINT

{7440/071/01427275.DOCX}

11.

COMPLAINT FOR DECLARATORY RELIEF

This e-copy is the official court record (GC68150)

<u>NON-COMPETITION AND NON-SOLICITATION AGREEMENT</u>

This Non-Competition and Non-Solicitation Agreement (this "Agreement") is entered into by and between Tyson Foods, Inc., a Delaware corporation, and any of its subsidiaries and affiliates (hereinafter collectively referred to as "Tyson"), and Brian Baker (hereinafter referred to as "you"). This Agreement shall be effective as of the date that you first perform services as an officer of Tyson (the "Effective Date").

WHEREAS, Tyson is engaged in a very competitive business, where the development and retention of extensive confidential information, trade secrets and proprietary information as well as customer relationships and goodwill are critical to future business success and, by virtue of your employment with Tyson, you are involved in the development of, and have access to, Tyson's confidential information, trade secrets and proprietary information, and, if such information were to get into the hands of competitors of Tyson, it could do substantial business harm to Tyson; and

WHEREAS, you acknowledge the importance of the non-competition and non-solicitation provisions of this Agreement and, having reviewed this Agreement as a whole, are willing to commit to the restrictions and covenants set forth therein.

NOW THEREFORE, in consideration of the above and other good and valuable consideration, including your promotion to an officer of Tyson, as well as access to the confidential information, trade secrets and proprietary information of Tyson and its customers, suppliers, vendors or affiliates to which you would not have access in the absence of such non-competition and non-solicitation provisions, you and Tyson mutually agree as follows:

1. <u>Non-Competition</u>. You acknowledge that Tyson performs services throughout the United States and that your duties and services impact Tyson's performance of services throughout the United States. Accordingly, you acknowledge the need for certain restrictions contained in this Agreement to be without limitation as to location or geography within the United States. You agree that at any time during the course of your employment with Tyson, and for a period of twelve (12) months following the termination of your employment with Tyson for any reason, you will not directly or indirectly, on behalf of yourself or in conjunction with any other person, company or entity, own (other than less than five percent (5%) ownership in a publicly traded company), manage, operate, or participate in the ownership, management, operation, or control of, or be employed by or a consultant to any person, company or entity which is in competition with Tyson, with which you would hold a position with responsibilities similar to any position you held with Tyson at any time during the twenty-four (24) months preceding the date upon which your employment with Tyson terminates (your "Termination Date") or in which you would utilize or disclose confidential methodologies, techniques, customer lists or information of Tyson. You agree that at any time during the course of your employment with Tyson and for a period of twelve (12) months following the termination of your employment with Tyson for any reason you will not directly or indirectly, on behalf of you or any other person, company or entity, participate in the planning, research or development of any strategies or methodologies, similar to strategies or methodologies, utilized or developed by Tyson, excluding general industry knowledge, for which you had access to, utilized or developed during the thirty-six (36) months preceding your Termination Date.

Further, you understand and agree that at any time during the course of your employment with Tyson and the restricted time periods thereafter designated in this Agreement, while you may gather information to investigate other employment opportunities, you shall not make plans or prepare to compete, solicit or take on activities which are in violation of this Agreement. Should you leave Tyson and accept employment or a consulting position with a competitor, you are required beforehand to

Non-Competition and Non-Solicitation Agreement
Page 2

inform Tyson of the identity of your new employer and your responsibilities for the new employer. You are also required to show this Agreement to all new employers prior to accepting new employment and Tyson shall also be permitted to show this Agreement to all new employers as well.

2.  Non-Solicitation. You agree that at any time during the course of your employment with Tyson and for a period of thirty-six (36) months following the termination of your employment with Tyson for any reason, you will not, nor will you assist any third party to, directly or indirectly (a) raid, hire, solicit, encourage or attempt to persuade any employee or independent contractor of Tyson, or any person who was an employee or independent contractor of Tyson at any time during the six (6) months preceding your Termination Date, who possesses or had access to any confidential information, trade secrets or proprietary information of Tyson, to leave the employ of or terminate a relationship with Tyson; (b) interfere with the performance by any such persons of their duties for Tyson; (c) communicate with any such persons for the purposes described in Section 1 of this Agreement; or (d) solicit, encourage or attempt to persuade any customer or vendor of Tyson at any time during the six (6) months preceding your Termination Date to terminate or modify its relationship with Tyson.

3.  Effect of Breach. You acknowledge and agree that, in the event of any breach by you of any of the terms, restrictions and covenants of this Agreement, your accrued benefits under certain benefit plans and compensation programs of Tyson may be discontinued or forfeited pursuant to the terms of such plans and programs, in addition to any other rights and remedies Tyson may have at law or in equity including but not limited to those set forth in any policy or any successors thereto, as such policy or its successors may be amended from time to time, whether in existence as of the Effective Date or later adopted, established by Tyson that provides for the clawback or recovery of amounts that were paid to you under circumstances requiring clawback or recovery as described in such policy. You acknowledge that irreparable damage would result to Tyson if the terms, restrictions and covenants of this Agreement are not specifically enforced, and that, in addition to any other legal or equitable relief available, and notwithstanding any alternative dispute resolution provisions that have been or may be agreed to between Tyson and you, Tyson shall be entitled to injunctive relief in the event of any failure to comply with the terms, restrictions and covenants of this Agreement. If you violate any of the terms, restrictions or covenants of this Agreement, you will indemnify Tyson for the expenses, including but not limited to reasonable attorneys' fees, incurred by Tyson in enforcing this Agreement.

4.  Enforcement and Severability. You specifically acknowledge and agree that the purpose of the terms, restrictions and covenants contained in this Agreement is to protect Tyson from unfair competition, including the improper use of confidential information, trade secrets or proprietary information of Tyson by you, and that the terms, restrictions and covenants contained herein are reasonable with respect to both scope and duration of application. Notwithstanding the foregoing, if any court determines that any of the terms, restrictions or covenants herein are unreasonable, invalid or unenforceable, the court may interpret, alter, amend or modify any or all of the terms, restrictions and covenants to include as much of the scope, time period and intent as will render the restrictions enforceable, and then as modified, enforce the terms, restrictions and covenants. Each term, restriction and covenant contained in this Agreement is independent of each other such term, restriction and covenant, and if any such term, restriction or covenant is held for any reason to be invalid, unenforceable and incapable of corrective modification, then the invalidity or unenforceability of such covenant or restriction shall not invalidate, affect or impair in any way the validity and enforceability of any other such term, restriction or covenant.

5.  This Agreement contains all the terms and conditions agreed upon by the parties hereto, and no other agreements, oral or otherwise, regarding the subject matter of this Agreement shall be deemed to

This e-copy is the official court record (GC68150)

Non-Competition and Non-Solicitation Agreement
Page 3

exist or bind either of the parties hereto. This Agreement cannot be modified except by a writing signed by both parties.

6. You acknowledge that your job duties are performable at various locations throughout the United States and specifically performable wholly or partly within the State of Arkansas and consent to the validity, interpretation, performance and enforcement of this Agreement being governed by the internal laws of said State of Arkansas, without giving effect to the conflicts of laws provisions thereof. The courts of Washington County, Arkansas shall have exclusive jurisdiction and be the venue of all disputes between you and Tyson, whether such disputes arise from this Agreement or otherwise. In addition, you expressly waive any right that you may have to sue or be sued in the county of your residence and consent to venue in Washington County, Arkansas.

7. This Agreement shall be binding upon you, your heirs, executors and personal representatives and upon Tyson, its successors and assigns. You may not assign, transfer or pledge your rights or delegate your duties or obligations under this Agreement, in whole or in part.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement effective as of the Effective Date.

BY SIGNING BELOW, YOU ACKNOWLEDGE THAT YOU HAVE COMPLETELY READ THE ABOVE, HAVE BEEN ADVISED TO CONSIDER THIS AGREEMENT CAREFULLY, AND HAVE BEEN FURTHER ADVISED TO REVIEW IT WITH LEGAL COUNSEL OF YOUR CHOOSING BEFORE ACKNOWLEDGING AND ACCEPTING THIS AGREEMENT.   YOU FURTHER ACKNOWLEDGE THAT YOU ARE ACKNOWLEDGING AND ACCEPTING THIS AGREEMENT VOLUNTARILY, AND WITHOUT DURESS, COERCION, OR UNDUE INFLUENCE AND THEREBY AGREE TO ALL OF THE TERMS, RESTRICTIONS AND COVENANTS CONTAINED HEREIN.

Accepted and agreed to by:

Brian Baker

Signed: _____

Date: _____5/13/19_____

TYSON FOODS, INC.

Signed: _____

Printed Name: _____Rodney Nagel_____

Date: _____5-13-19_____

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Michael S. Helsley SBN 199103
Wanger Jones Helsley PC, 265 E. River Park Circle, Suite 310, Fresno, CA 93720

TELEPHONE NO.: (559) 233-4800   FAX NO. *(Optional):* (559) 233-9330
E-MAIL ADDRESS: mhelsley@wjhattorneys.com
ATTORNEY FOR *(Name):* Plaintiffs, Foster Poultry Farms, LLC, and Brian Baker

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  MERCED
STREET ADDRESS: 2260 "N" Street
MAILING ADDRESS:
CITY AND ZIP CODE: Merced, CA 95340
BRANCH NAME: Civil Division

ELECTRONICALLY FILED
Merced Superior Court
6/17/2022 3:31 PM
Amanda Toste
Clerk of the Superior Court
By: Brandon Chow, Deputy

This e-copy is the official court record (GC68150)

CASE NAME:
Foster Poultry Farms LLC, Brian Baker v. Tyson Foods, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 22CV-01809 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder |
| | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [x] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [ ] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 3
5. This case [ ] is [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: June 17, 2022
Michael S. Helsley, Esq., Attorney for Plaintiffs

(TYPE OR PRINT NAME)                      ▶                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address) | FOR COURT USE ONLY |
|---|---|
| <br>TELEPHONE NO.:      FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF MERCED**<br>627 W. 21st Street<br>Merced, CA 95340<br>(209) 725-4111 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |

| STIPULATION AND ORDER REFERRING MATTER TO ALTERNATIVE DISPUTE RESOLUTION | CASE NUMBER: |
|---|---|
| (Check one):  ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)   ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | Assigned Judge:<br><br>Case Category (please circle):<br>    I   II   III |

THIS ADR STIPULATION IS TO BE FILED WITH THE COURT **WITHIN FIFTEEN (15) CALENDAR DAYS**
OF THE PARTIES' AGREEMENT TO PARTICIPATE IN ADR

Pursuant to Cal. Rules of Court, Rule 3.221 and having met and conferred pursuant to Rules of Court, Rule 3.724, the parties hereby stipulate to refer the case to the following Alternate Dispute Resolution Process:

☐ Mediation                  ☐ Neutral Case Evaluation

☐ Binding Private Arbitration     ☐ Private Settlement Conference

☐ Non-binding Private Arbitration    ☐ Early Mediation (fee: $300)*

The ADR process will be conducted by (name of individual): _____

Provider's Address: _____

Provider's Telephone: _____ Fax: _____ E-Mail:_____

The ADR process will be completed on, or before, (date):_____

The next Case Management Conference is scheduled for (date/time):_____

* Parties not already assigned to **Early Mediation** may execute and file this Stipulation as soon as the case is at issue. Upon filing this Stipulation, an early Case Management Conference will be scheduled by the Court and the parties will have the opportunity to attempt settlement before extensive costs and fees are undertaken. The fee for Early Mediation is $300, to be shared by the Parties and paid to the Court in full with the filing of this Stipulation. The $300 fee is not waived for successful Fee Waiver Applicants.

The Parties further stipulate and agree that:

1.  All parties have reached agreement as to the payment of fees of the ADR provider;

2.  All Parties have been served and submit to the jurisdiction of the Court;

3.  All Parties have agreed to a specific discovery plan to make the ADR process meaningful;

4.  Copies of this Stipulation and self-addressed stamped envelopes are provided to the Court for returning file-stamped copies to counsel and the parties **along with the $20.00 fee for filing a Stipulation with Order per _Govt. Code_ §70617(c) (2)**;

5.  Early Mediation fee of $300 total is submitted with this Stipulation (if applicable); and

6.  All Parties are aware that a request for continuance of the ADR completion date established by this Stipulation and Order is discouraged, and the request may be denied by the Court.

---

Type or print name of ☐ Party without attorney ☐ Attorney for
☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant

**(Date and Sign)** Attorney or Party without attorney (Sign in blue ink)

---

Type or print name of ☐ Party without attorney ☐ Attorney for
☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant

**(Date and Sign)** Attorney or Party without attorney (Sign in blue ink)

---

Type or print name of ☐ Party without attorney ☐ Attorney for
☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant

**(Date and Sign)** Attorney or Party without attorney (Sign in blue ink)

---

Type or print name of ☐ Party without attorney ☐ Attorney for
☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant

**(Date and Sign)** Attorney or Party without attorney (Sign in blue ink)

☐ Additional signatures are attached

---

Pursuant to the Stipulation of the parties, the above case is ordered to ADR as described and agreed to above. If applicable, an early Case Management Conference is set for _____.

Dated:_____        _____

☐ **DONALD J. PROIETTI, JUDGE**
☐ **BRIAN L. McCABE, JUDGE**
☐ **JEANNE SCHECHTER, COMMISSIONER**
☐ **DAVID FOSTER, TEMPORARY JUDGE**
☐

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF MERCED

# Alternative Dispute Resolution (ADR) Information Guide

Adapted by permission from the
Administrative Office of the Courts' publication:
**"Alternative Dispute Resolution, *Options for Resolving Your Dispute*"**

ADR INFORMATION GUIDE

## There are Alternatives to Going to Trial

Did you know that most of all civil cases filed in court are resolved without going to trial? Many people use processes other than trial to resolve their disputes. These alternative processes, known as Alternative Dispute Resolution or ADR, are typically less formal and adversarial than trial, and many use a problem-solving approach to help the parties reach agreement. Because of these potential advantages, it is worth considering using ADR early in a lawsuit, **or even before you file a lawsuit.**

## Potential Advantages of ADR

Here are some potential advantages of using ADR:

❖ **Saves Time and Money:** A dispute often can be settled or resolved much sooner with ADR, allowing parties to save money on attorney fees, court costs, and experts' fees. An ADR fee of $300 to be shared by the Parties is charged by the Court for its Judicial Arbitration and Early Mediation Programs – this fee is not waived in cases involving successful Fee Waiver Applications.

❖ **Increases Control Over the Process and the Outcome**: In ADR, parties typically play a greater role in shaping both the process and its outcome. In ADR, parties have the opportunity to tell their side of the story just as they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that may not be available in a trial. Other ADR processes, such as arbitration, allow the parties to choose a qualified person or expert in a particular field to decide the dispute.

❖ **Preserves Ongoing Relationships:** ADR can be a less adversarial way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve. For example, in cases involving business partners, family members or customer-vendor relationships.

❖ **Increases Satisfaction:** In a trial, there is typically a winner and a loser. ADR can help the parties find win-win solutions and achieve their respective goals. This, along with other potential advantages of ADR, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

❖ **Fosters Attorney-Client Relationships:** Parties and Attorneys may also benefit from ADR by exploring their roles as problem-solvers and counselors rather than merely acting as adversaries. Quick, cost-effective, and satisfying resolutions are likely to produce happier parties and stronger relationships with their attorneys.

# What are the ADR Options?

The most commonly used ADR processes are Mediation, Arbitration, Neutral Case Evaluation, and Settlement Conferences.

### ◆ Private Mediation

In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but remains helps the parties communicate so they can settle the dispute themselves. Mediation leaves control of the outcome with the parties.

Cases for Which Mediation May Be Appropriate: Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can listen to the parties and help them communicate in an effective and non-confrontational manner.

### ◆ Private Arbitration

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed.

Arbitration may be either "binding" or "non-binding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision. Arbitrations may be structured to set maximum and minimum awards, known as "High-Low Arbitrations". This allows the plaintiff to have a guaranteed minimum recovery and the defendant to rely on a guaranteed absolute maximum exposure, regardless of how the arbitration unfolds.

Cases for Which Arbitration May Be Appropriate: Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

### ◆ Neutral Case Evaluation

In Neutral Case Evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. Although the evaluator's opinion is not binding, the

parties typically use it as a basis for trying to negotiate a resolution of the dispute. Even if not successful in resolving the case, Neutral Case Evaluation can lead to use of other ADR procedures, such as arbitration or mediation, especially when undertaken early in the litigation.

Cases for Which Neutral Case Evaluation May Be Appropriate:
Neutral Case Evaluation is appropriate for most cases, and may be most useful in cases that involve technical issues that require special expertise to resolve or in cases that the only significant issue is the amount of damages.

### ♦ Settlement Conferences

In Settlement Conferences, the parties and their attorneys meet with the judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement Conferences are appropriate in any case where settlement is an option. Mandatory Settlement Conferences, ordered by the Court, are often held near the date a case is set for trial.

## ADR Programs Offered by Merced Superior Court

Merced Superior Court provides two forms of ADR programs through its Early Mediation Program (EMP) and its Judicial Arbitration Program, described below.

### ♦ Merced Superior Court's *Early Mediation Program* (EMP)
**Civil unlimited cases are generally assigned to the Early Mediation Program.**
Merced Superior Court provides parties with an opportunity to mediate cases before extensive fees and costs are spent (see "Private Mediation" below, for a description of how Mediation works). The EMP allows parties the opportunity to obtain the services of a mediator for only a $300 fee, to be shared by the parties. Because the parties have not generally committed extensive resources and time to a case at this early stage, resolution can be achieved at a lower cost and possibly with more satisfying results. Early Mediation Program Forms are available at: www.merced.courts.ca.gov. Here's how the EMP works:

- Civil Unlimited Cases are generally assigned to the Early Mediation Program, unless an opt-out form is filed by any party within 120 days from the filing of the Complaint. **Timely service of the Complaint (within 60 days of filing) is essential to comply with the Early Mediation Program requirements.**

- The $300 EMP fee must be paid to the Civil Clerk's Office within 120 days of filing the lawsuit, and the Parties are to schedule Early Mediation before the first CMC (set approximately 150 days from the filing of the Complaint).

Plaintiff is to collect the EMP fee, to be shared equally by the Parties or as the Parties agree, and timely submit the entire amount to the Civil Clerk's Office.

• Parties then select a Mediator from Merced Superior Court's ADR Neutral List available on the Court's website. Parties must notify the ADR Office immediately if a mediator cannot be agreed upon. The ADR Office will then provide the parties with a mediator short list where each party may de-select a mediator and report back to the ADR Coordinator within 5 days.

• In preparation for the Early Mediation, Parties are to draft a Mediation Statement of no more than 5 pages outlining the Party's position including agreed to and disputed facts. The Mediation Statement is to be sent to the mediator one (1) week before the Early Mediation (do not file with the Court).

• After the Early Mediation, Parties are to fill out a confidential Mediation Survey and send it to the ADR Office of the Court.

### ♦ Merced Superior Court's *Judicial Arbitration Program*

Merced Superior Court provides parties with an opportunity to arbitrate their cases for a $300 fee before extensive fees and costs are spent. This program is generally ordered in cases where the amount in controversy is equal or less than $50,000. The Parties may agree to waive this cap and allow the possibility of a larger award. The Parties may also agree to make the Arbitration Award binding, thereby eliminating the need of further litigation. Otherwise, after Judicial Arbitration, the Parties receive an Award that they may accept or reject.

### Serving the ADR Information Packet

The ADR Information Packet, which is provided to all Plaintiffs initiating a lawsuit, consists of:
> ► The ADR Information Guide
> ► The ADR Stipulation Form

The Plaintiff must serve a copy of the ADR Packet on each Defendant with the Complaint. Cross-Complainants must serve a copy of the ADR Packet on all new Cross-Defendants with the Cross-Complaint. The ADR Information Packet is available in the Civil Clerk's Office or online at www.merced.courts.ca.org.

### Who You Can Call

For additional information, please contact the following:
► State Bar of California (415) 538-2000
► Calif. Dept. of Consumer Affairs, Consumer Info. Center, (800) 952-5210
► Merced Superior Court, ADR Office, (209) 725-4249
► Merced County Bar Association, (209) 722-8129
► Self Help Information on line: http://www.courtinfo.ca.gov/selfhelp

This e-copy is the official court record (GC68150).

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF MERCED<br>627 W. 21st Street<br>Merced CA  95340<br>209-725-4100 | *Reserved for Clerk's File Stamp*<br><br>FILED<br><br>2022 JUN 27  AM 10: 28<br><br>CLERK OF THE SUPERIOR COURT<br>BY _____ |
|---|---|
| Foster Poultry Farms, LLC<br>vs<br>Tyson Foods, INC. | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE**<br>**NOTICE OF INCLUSION IN DELAY REDUCTION PROGRAM** | Case No.  22CV-01809 |

**To All Parties and their Attorneys of Record:**

Please take notice that the above-entitled action has been included in this Court's Delay Reduction Program.  Local Rule 4 will hereafter apply to this action.  You are required to comply with the guidelines for program cases as set forth in the above referenced Local Rule and the applicable California Rules of Court (CRC), including Rules 3.714(b)(1), 3.720-3.735.

*Please note:  Local Rules and ADR Packet may be reviewed on-line at* www.merced.courts.ca.gov.

You are further advised that a Case Management Conference (CMC) in the above action has been scheduled, per Local Rule 4(B)(1)(a), for:

<p align="center"><strong>January 30, 2023 at 10:00 AM in Courtroom 8</strong></p>

<p align="center"><strong>Located at 627 West 21st Street Merced, CA 95340</strong></p>

<p align="center"><strong>Honorable Judge Brian McCabe, presiding.</strong></p>

**Plaintiff must serve this Notice on all Parties to this action at the same time the Complaint is served. Failure to do so may cause unnecessary delay to this action.**

Parties desiring to appear telephonically at the CMC shall comply with CRC, Rule 3.670 and Local Rule 4, and are responsible for making timely arrangements with CourtCall, LLC.  CourtCall, LLC may be reached at (888) 882-6878.  Notices of Telephonic Appearance may be placed on the CMC Statement or may be filed independently with the Court NOT LESS THAN THREE (3) COURT DAYS prior to the CMC.  A Notice of Telephonic Appearance is deemed valid on any subsequent, continued CMCs.

**PURSUANT TO CRC, RULE 3.724, THE PARTIES MUST MEET AND CONFER NO LATER THAN 30 DAYS PRIOR TO THE CMC.**

A **CMC Statement** shall be filed with the Court no later than **15 days** prior to the date set for the **CMC**. Parties shall use **Judicial Council form CM-110** (CRC 3.725).  This form is available at the Court Clerks Office or on-line at www.courtinfo.ca.gov.

If you have any further questions regarding this Notice, please contact the undersigned at the number indicated above.

Michael S Helsley
265 E River Park Circle Suite 310
Fresno CA  93720
 Date:  6/27/2022                                    Amanda Toste, Court Executive Officer

Brandon Chow                                    By: _____
Printed Name                                                     Deputy Clerk

This e-copy is the official court record (GC68150).

| Attorney or Party without Attorney:<br>Michael S. Helsley (SBN 199103)<br>WANGER JONES HELSLEY PC<br>265 E. RIVER PARK CIRCLE SUITE 310<br>FRESNO , CA 93720<br>  Telephone No:  (559) 233-4800<br>  Attorney For:  Plaintiff | For Court Use Only |
|---|---|

Ref. No. or File No.:
7440-071

Insert name of Court, and Judicial District and Branch Court:
Superior Court of California, County of Merced

Plaintiff: FOSTER POULTRY FARMS, LLC, a California limited liability company; ET AL
Defendant: TYSON FOODS, INC., a Delaware Corporation

| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>22CV-01809 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons, Complaint; Civil Case Cover Sheet; Alternative Dispute Resolution (ADR) Information Guide;
Stipulation And Order Referring Matter To ADR

3. *a.  Party served:*    TYSON FOODS, INC., a Delaware Corporation
   *b.  Person served:*   SARAI MARIN, INTAKE SPECIALIST, CT CORPORATION SYSTEM, REGISTERED AGENT FOR SERVICE OF
                          PROCESS.

4. *Address where the party was served:*   330 N Brand Blvd Suite 700, Glendale, CA 91203

5. *I served the party:*
   a. by personal service.   I personally delivered the documents listed in item 2 to the party or person authorized to receive
                             service of process for the party (1) on *(date)*: Fri, Jun 24 2022 (2) at *(time)*: 12:40 PM
   (1)  [X]  (business)
   (2)  [ ]  (home)
   (3)  [ ]  (other) :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a.  [ ]     as an individual defendant.
   b.  [ ]     as the person sued under the fictitious name of *(specify)*:
   c.  [ ]     as occupant.
   d.  [X]     On behalf of *(specify)*:  TYSON FOODS, INC., a Delaware Corporation
              under the following Code of Civil Procedure section:
              [X]  416.10 (corporation)                    [ ]  415.95 (business organization, form unknown)
              [ ]  416.20 (defunct corporation)            [ ]  416.60 (minor)
              [ ]  416.30 (joint stock company/association) [ ]  416.70 (ward or conservatee)
              [ ]  416.40 (association or partnership)      [ ]  416.90 (authorized person)
              [ ]  416.50 (public entity)                  [ ]  415.46 (occupant)
              [ ]  other:



| Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | PROOF OF<br>SERVICE<br>SUMMONS | 7275795<br>(8392466)<br>Page 1 of 2 |
|---|---|---|

| Attorney or Party without Attorney:<br>Michael S. Helsley (SBN 199103)<br>WANGER JONES HELSLEY PC<br>265 E. RIVER PARK CIRCLE SUITE 310<br>FRESNO , CA 93720<br> Telephone No: (559) 233-4800 | | | | For Court Use Only |
|---|---|---|---|---|
| Attorney For: Plaintiff | Ref. No. or File No.:<br>7440-071 | | | |
| Insert name of Court, and Judicial District and Branch Court:<br>Superior Court of California, County of Merced | | | | |
| Plaintiff: FOSTER POULTRY FARMS, LLC, a California limited liability company; ET AL<br>Defendant: TYSON FOODS, INC., a Delaware Corporation | | | | |

| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>22CV-01809 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7.  **Person who served papers**
   a.  Name:                 Douglas Forrest
   b.  Address:           **FIRST LEGAL**
                           200 WEBSTER STREET, SUITE 201
                           OAKLAND, CA 94607
   c.  Telephone number:     (415) 626-3111
   d.  **The fee** for service was:   169.74
   e.  I am:
       (1)  [  ]  not a registered California process server.
       (2)  [  ]  exempt from registration under Business and Professions Code section 22350(b).
       (3)  [X]  a registered California process server:
          (i)   [ ]owner  [ ]employee  [X]independent contractor
          (ii)  Registration No:  5141, Los Angeles
          (iii)  County:  Los Angeles

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

                        06/24/2022

                            *(Date)*                               *Douglas Forrest*



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF
SERVICE
SUMMONS

7275795
*(8392466)*
Page 2 of 2